# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID EVANS, ) | |
| ) | |
| Petitioner, ) | No. 06 C 259 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| GUY D. PIERCE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, David Evans, seeks a certificate of appealability following the denial of his petition for writ of *habeas corpus*. Evans' petition raised four grounds for relief: (1) his Sixth Amendment right to effective assistance of counsel was violated by his trial counsel's failure to call two alibi witnesses; (2) his due process rights were violated by the trial court's error in admitting the grand jury testimony of Robert Jones as substantive evidence without first determining whether the prior testimony was voluntarily given; (3) his due process rights were violated by the trial court's error in allowing a detective to testify as to hearsay identification in the course-of-investigation testimony; and (4) his Sixth Amendment right to effective assistance of counsel was violated by his trial counsel's remarks regarding Detective James O'Brien's testimony during counsel's closing statement.

Seventh Circuit Rule 22(b) states: "In a   *habeas corpus* proceeding in which detention complained of arises from process by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or

district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . ."

"Where a district court rejects the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*Slack*). If a *habeas* petition is denied on procedural grounds, "a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 485.

On March 20, 2008, this Court considered Evans' petition. The Court denied, on the merits, Evans' claim of ineffective assistance of counsel for failing to call certain alibi witnesses. The Court found that the Illinois Appellate Court's application of the facts and of the *Strickland* test was neither contrary to nor an unreasonable application of United States Supreme Court precedent. Evans has not demonstrated that reasonable jurists would find the Court's assessment of this claim debatable or wrong.

2

The Court found Evans' claim that his due process rights were violated by admitting Jones' grand jury testimony was procedurally barred because the issue was not raised at trial and was held waived by the appellate court. Also, Evans failed to demonstrate that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. Furthermore, the Court found that even if the claim was not procedurally barred, the claim lacked merit because the appellate court's decision on this issue was consistent with federal law and Supreme Court precedent. Reasonable jurists would not find the Court's assessment of this claim debatable or wrong.

The Court denied Evans' claim that his due process rights were violated by allowing a detective to testify as to hearsay identification on the merits, finding that the appellate court's holding that Evans' due process rights were not violated by the detective's testimony was not contrary to or an unreasonable application of clearly established law; nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. Further, the appellate court's ruling that the prosecutor's closing argument, which included referencing the above testimony, was not prejudicial for several reasons was consistent with federal law. Evans has not demonstrated that reasonable jurists would find the Court's assessment of this claim debatable or wrong.

The Court found Evans' last claim of ineffective assistance of counsel, due to remarks by Evans' counsel during closing argument, was procedurally barred because Evans failed to raise the issue in his direct appeal or in his post-conviction relief appeal.

It is not debatable that Evans failed to raise the issue in his direct appeal or in his post-conviction relief appeal, and a reasonable jurist would not find the Court's assessment debatable or wrong.

For the reasons stated above, Evans' application for a certificate of appealability is denied.

Dated: May 22, 2008

JOHN W. DARRAH
United States District Court Judge

4